**SEALED**

# United States District Court

| FILED |
| --- |
| MAY - 4 2015 |
| CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS By _____ Deputy |

__NORTHERN__ DISTRICT OF __TEXAS__

**In the Matter of the Search of**
(Name, address or Brief description of person, property or premises to be searched)
Premises located at:
10130 County Road 4076
Scurry, Texas
Kaufman County

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

CASE NUMBER: 3:15-MJ- 291 BK

I __Nathan Garber__ being duly sworn depose and say:

I am a(n) __Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)__ and have reason to believe that on the person of or **XX** on the property or premises known as (name, description and/or location)

(SEE ATTACHMENT A).

in the __NORTHERN__ District of __TEXAS__ there is now concealed a certain person or property, namely (describe the person or property to be seized)

(SEE ATTACHMENT B).

**which is** (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)
property that constitutes evidence of the commission of a crime, contraband, the fruits of crime, and is, otherwise, criminally possessed, **concerning a violation of Title** __18__ **United States code, Section(s)** __922(g)(1)__. The facts to support a finding of Probable Cause are as follows:

(SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT NATHAN GARBER).

**Continued on the attached sheet and made a part hereof.** __XX__ Yes __ No

_____
Signature of Affiant
NATHAN GARBER
Special Agent, ATF

Sworn to before me, and subscribed in my presence

__May 4, 2015__ at __Dallas, Texas__
Date                                        City and State

**RENÈE HARRIS TOLIVER**
**United States Magistrate Judge**
Name and Title of Judicial Officer                Signature of Judicial Officer

## Affidavit in Support of Search Warrant

I, Nathan Garber, being duly sworn, depose and state that:

I am an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since December 2013. Prior to working with ATF I was a police officer in DeKalb County Georgia for 10 years and was a criminal investigator for over four years there. As a result of my training and experience as an ATF agent, I am familiar with Federal criminal laws and know it is a violation of:

> 18 U.S.C. § 922(g)(1) for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

This affidavit is made in support of an application for a search warrant for the property located and described as follows:

> **See Attachment A**

The information contained in this affidavit is based upon my personal investigation and information relayed to me by other individuals.

I believe that at the time of the search within the property described there will be found:

> **See Attachment B**

**Facts in Support of Probable Cause**

1. On April 28, 2015 a cooperating witness number one (CW1) contacted ATF Joint JSOC wishing to provide information on a convicted felon that he/she knew to be in possession of multiple firearms. CW1 advised me that he/she would meet with me and would like to bring cooperating witness number two (CW2), who would have additional information as well as information corroborating CW1's information. I met with CW1 and CW2 on April 29,

1

2015, and was provided information about Grover Elrod (WM, DOB: XX/XX/1965) by CW1 and CW2.

2. CW1 and CW2 advised that on March 29, 2015, they had been to home of Elrod, which is a double wide mobile home located at 10130 County Road 4076, Scurry, Kaufman County, Texas, which is in the Dallas Division of the Northern District of Texas, and observed him shooting firearms that he had retrieved from a combination style gun safe that was kept in his bedroom. They both advised that there were multiple firearms at the residence including a 1911 .45 caliber pistol, an AR15 rifle, a Savage rifle, a .25 caliber pistol and a .40 caliber Taurus pistol. CW1 and CW2 advised the residence is situated on approximately 25 acres of land and is partially fenced with an electric gate at the entrance of the property.

3. On April 7, 2015, CW2 advised that he/she went to the home again to retrieve the .40 caliber Taurus pistol that was given to him/her by Elrod and while there CW2 saw a hunting rifle at the back door of the trailer. CW2 said the rifle is always there because Elrod has a deer feeder on the property and uses the rifle to shoot deer, hogs and bobcats.

4. CW2 advised that he/she has been to Elrod's residence on at least four occasions and has seen firearms at the residence on each respective occasion.

5. CW1 and CW2 also said that there are surveillance cameras on the property that are monitored by Elrod from a television monitor in the living room of the trailer. One of the cameras is positioned to monitor the deer feeder but the other two cameras monitor and record the area around the trailer. According to CW1 and CW2, Elrod will rewind the surveillance recordings when he returns home to see if anyone has been on the property.

6. Both CW1 and CW2 advised me that Elrod reloads his own ammunition and has a reloading machine. They both also know that despite Elrod being a convicted felon and being prohibited from owning firearms he has purchased them. Elrod had bragged to both CW1 and CW2 about paying $3000 for an AR15 rifle.

7. I know that Elrod is a convicted felon, having been convicted in 1994 in federal court for possession of an unregistered short barrel shotgun and, therefore, he is prohibited from possessing a firearm or ammunition in accordance with 18 U.S.C. § 922(g)(1).

2

8. CW1 and CW2 have corroborated each other's information and neither have any known criminal history. Based on this, I feel that both CW1 and CW2 are reliable sources of information and that the information that they provided to me about Elrod is reliable.

9. Based on my training and experience I know it is common for persons who maintain firearms in their homes to keep them for long periods of time.

10. Based on my training and experience I also know that it is common for persons who maintain firearms in their homes to have ammunition, parts for firearms, and firearm accessories.

11. I have consulted with an ATF Interstate Nexus expert and have been advised that the Savage rifle is not manufactured in the state of Texas and, therefore, it has affected interstate or foreign commerce by being in the state of Texas.

## CONCLUSION

Based upon this information, I believe that there is probable cause that Elrod is violating 18 U.S.C. § 922(g)(1) and, accordingly, I ask that the Court issue a search warrant that will authorize me, and other law enforcement officers, to search said premises described in **Attachment A** for the evidentiary items described in **Attachment B**.

_____
NATHAN GARBER
ATF Special Agent

Sworn to and subscribed to before me this ____4th____ day of May 2015, at __11:44__
__a__.m.

_____
RENEE HARRIS TOLIVER
United States Magistrate Judge

3

## Attachment A

### DESCRIPTION OF PLACE TO BE SEARCHED

**The Premises**

The residence of Grover ELROD, Jr.
Address: 10130 County Road 4076, Scurry, Texas
Including all outbuildings and appurtenances thereto
In the County of Kaufman
In the Northern District of Texas

**The Premises' Physical Description**

Target location is situated on the west side of County Road 4076, facing east. Composed of a light tan colored mobile home with light blue trim. There is a white colored front door, displaying numerals 10130, which faces CR 4076. There is a pipe fence along the front property line, with an electric gate. There is a tan colored shed on the north side of the residence and a white colored structure behind the primary residence on the south side. There is a white colored mailbox beside the driveway of the residence. (Photo Attached.)



**Attachment B**

DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED

Affiant believes that at the time of this search there will be present instrumentalities and evidence of violations of 18 U.S.C. § 922(g)(1) (possession of firearm by a convicted felon). Specifically:

a. Firearms and ammunition. Also any items pertaining to the possession, purchase and/or sale/disposition of firearms to include gun cases, ammunition magazines, holsters, spare parts for firearms, photographs of firearms or of persons in possession of firearms and receipts for the purchase and/or repair of all these items.

b. Records, documents and photographs, whether contained on paper in handwritten, typed, photocopied or printed form or stored on computer printouts, concerning firearms and ammunition, including:

   Shipping records
   Invoices
   Receipts
   Books of account
   Memoranda
   Diaries
   Correspondence or notes

c. Records that establish the persons who have control, possession, custody or dominion over the property searched and from which evidence is seized, such as: personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, photographs (developed or undeveloped), leases, mortgage bills and fingerprints.